UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. HUCK, SR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:11CV1887 FRB |
| JEFF NORMAN, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court finds that petitioner is not entitled to federal habeas relief.

**Background**

The background of this case, as set forth by the Missouri Court of Appeals, is as follows:

> The State of Missouri (State) charged Huck as a predatory sexual offender in the Circuit Court of St. Francois County in three different cases with a total of thirty six crimes against seven different child victims. On February 20, 2009, Huck pled guilty to one crime committed against each of the seven child victims: two counts of first-degree statutory sodomy and five counts of first-degree child molestation.
>
> At the plea hearing, Huck admitted committing several sexual acts against children ranging from an infant of about three months old to the age of less than fourteen years. The parties announced at the plea hearing that Huck was pleading guilty to concurrent terms of life imprisonment

as a predatory sexual offender and that the State would remain silent on the number of years Huck would have to serve on his sentence before becoming eligible for parole under the predatory sexual offender statute. Huck testified that he understood that he could receive a life sentence for the offenses and that although parole is available under the statute, it was up to the court to determine the minimum number of years he would serve before parole could be granted. Huck testified that he understood the normal range of punishment for statutory sodomy was ten years to life, and the normal range for first-degree child molestation was five years to fifteen years. Huck testified that he fully understood the plea agreement meant that he was receiving six life sentences and a seven-year sentence for the class C felony of child molestation. Huck understood the only issue to be determined by the plea court was the minimum length of time he would be required to serve before becoming eligible for parole.

During the sentencing hearing, the State presented victim impact statements, but announced that in accordance with the plea agreement, the State would remain silent as to the remainder of the sentencing on the minimum amount of time Huck was required to serve before parole eligibility. Huck's counsel asked the court to sentence Huck to a term of years with the possibility of parole.

For each of the two first-degree statutory sodomy offenses, Huck was sentenced as a predatory sexual offender to a term of life in prison, without eligibility for parole for life, pursuant to Section 558.018.7(5). For the class C felony of first-degree child molestation, Huck was sentenced as a predatory sexual offender to serve a term of seven years, and for the remaining four counts of the class B felony of first-degree child molestation, four terms of life in prison without parole eligibility for fifteen years. All sentences were to run concurrently.

Thereafter, Huck filed a timely motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035. He was appointed counsel, who filed an amended motion, arguing that Huck's sentence violated due process because it did not comply with the predatory sexual offender sentencing statute. Huck argued that the statute guaranteed him eligibility for parole as a "predatory" sexual offender, and required the

> sentencing court to set an actual number of years as the minimum number of years for parole eligibility. Huck claimed that the "minimum" life sentence imposed by the plea court denies him any opportunity for parole, and is indistinguishable from persistent sexual offender status, which does not permit parole.
>
> On February 10, 2010, the motion court denied Huck's post-conviction relief without an evidentiary hearing. Absent any new information raised in Huck's amended motion, the motion court found a hearing was not required. The motion court concluded that the minimum term of life imprisonment, which the plea court ordered Huck to serve prior to parole eligibility, was authorized by statute because the minimum term of years for parole eligibility is drawn from the range of punishment for the crime upon which Huck was convicted, and life imprisonment is a permissible number of years for a sentence for statutory sodomy in the first degree.

Huck v. State, 341 S.W.3d 136, 137-39 (Mo. Ct. App. 2011).

On appeal from the denial of his motion for post-conviction relief petitioner argued that the motion court's findings were wrong because the trial court had incorrectly sentenced him "as a persistent sexual offender rather than as a predatory sexual offender." Id. at 139. Petitioner contended that "the plea court ignored the statutory mandate that a minimum prison term prior to eligibility for parole be 'set in years.'" Id. Petitioner maintained that, as a result, he lost the benefit of the plea bargain. The Missouri Court of Appeals reviewed the trial court's judgment under the applicable sentencing statutes and found that the court had discretion to sentence petitioner to a life sentence without parole for the crimes to which petitioner had pled guilty.

## Ground for Relief

Petitioner claims that he was deprived of his rights under the Due Process Clause when the trial court sentence him as a persistent sexual offender rather than as a predatory sexual offender under the Missouri sentencing statutes, which resulted in his receiving a sentence of life imprisonment without the possibility of parole. Petitioner further claims that he lost the benefit of the plea bargain.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings). Furthermore, a state prisoner "may not . . . transform a state-law issue into a federal

one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Petitioner takes issue with the trial court's application of Missouri's predatory sexual offender sentencing statutes to his case. The Missouri Court of Appeals undertook a thorough and de novo review of petitioner's sentence and found it to be in accordance with the Missouri statutes. See Huck, 341 S.W.3d at 139-42. This Court is without the authority to review the Missouri courts' opinions on the issue. The petitioner's invocation of the Due Process Clause does not transform his state law issue into a federal law issue. Moreover, there is no federal constitutional requirement that a criminal defendant receive any benefit for pleading guilty. The Court concludes that petitioner's claim is not cognizable in federal habeas proceedings.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

A judgment consistent with this memorandum will be filed separately.

*Carol E. Jackson*

                                                _____
                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2011.